# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT OLUMBUS

MARCUS D. WHITE,

        Petitioner,      :      Case No. 2:22-cv-2804

  - vs -                            District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                         :
        Respondent.

## DECISION AND ORDER

This habeas corpus action is brought *pro se* by Petitioner Marcus White pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Franklin County Court of Common Pleas on charges of murder and felonious assault (Petition, ECF No. 3).  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District.

On Magistrate Judge Silvain's Order (ECF No. 4), the Respondent has filed the State Court Record (ECF No. 8) and a Return of Writ (ECF No. 9).  Although Judge Silvain set a date for Petitioner to file a reply or traverse and then extended that time on Petitioner's Motion to May 30, 2023 (Notation Order granting ECF No. 10), no reply has been filed.  Although Judge Silvain has granted no further extensions, Petitioner has made a number of filings which he may believe automatically extend his time to file.  The undersigned now turns to those filings.

1

On April 19, 2023, Petitioner filed his "Judicial Notice & Motion For Service Of The Record & Respondent's Answer/Return Of Writ Filed March 13, 2023 & Motion For An Additional 30 Days To File Petitioner 's Reply/Traverse" (ECF No. 11).

Petitioner begins by asking the Court to take judicial notice of the fact that as of April 17, 2023, he had not been served with the State Court Record (ECF No. 8) and the Return of Writ (ECF No. 9). Respondent responded to this Motion by agreeing to the extension of time and with assurance the mail would be provided to White on April 21, 2023 (ECF No. 12). Petitioner's later filings seeking the complete record obviate the request made at ECF No. 11 which is found to be **MOOT**.

On May 3, 2023, Petitioner complained that the State Court Record as filed was not complete and asked the Court to order Respondent to file "a Complete Record i.e. (everything filed under or pertaining to case no. 03CR-7014)." The Motion is **DENIED**. Judge Silvain's Order requires Respondent to file an answer "conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases," not "the complete record." From an initial examination of the State Court Record, it appears Respondent has complied with that Order. If there are additional documents from the underlying case which Petitioner believes are necessary for the Court to review, he may move for expansion of the record to include those items.

Finally the case is before the Court on a document labeled "Judicial Notice of Petitioner Marcus D. White," filed September 18, 2023 (ECF No. 17), which asks the Court to take judicial notice of certain facts and then enter two orders regarding how mail from the Court to Petitioner is handled.

Fed. R. Evid. 201 permits a federal court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or "can be readily and accurately determined from sources whose accuracy

cannot reasonably be questioned." The facts for which Petitioner seeks judicial notice in this filing do not qualify. For example, he purports to quote from a memorandum from Steven Gray, ODRC legal counsel, dated October 1, 2021, and attached at PageID 513. The document appears to be genuine, but it is not what the law of evidence calls "self-authenticating." And certainly its authenticity is not generally known in the Southern District of Ohio. If it were material to the case, the Court could take judicial notice that R. Michael DeWine is currently Governor of Ohio or that Cincinnati is within the State, but very few of the facts material to this case are of that nature. The Court accordingly declines to take judicial notice of that facts for which that treatment is requested in this filing.

The Court also declines to enter the orders for handling Petitioner's mail which he requests. Any order filed by the Court is a public document unless the Court orders it sealed, which is rare. Petitioner has not articulated any protectible legal interest he has in having his mail from the Court kept confidential and he therefore is not harmed if it is opened and read by prison officials, so long as its delivery to him is only delayed long enough to preclude delivery of contraband. If he desires that anything filed in the record in this Court be kept confidential, he must move to have it sealed and provide justification which is difficult to do.

The Court also declines to apply for "control numbers" because it does not believe the ODRC has the legal authority to impose that limitation on a federal court's ability to communicate with litigants.

This Order disposes of all pending motions in this case. None of Petitioner's filing automatically extended his time to file a reply. To provide clarity and to advance the case on the merits, the Court *sua sponte* extends Petitioner's time to file a reply to and including November 1, 2023. Because Petitioner has had the State Court Record for a number of months now, the Court

3

will not grant extensions on purely pro forma motions for that relief.

October 5, 2023.

s/ *Michael R. Merz*<br>
United States Magistrate Judge