## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT OLUMBUS

MARCUS D. WHITE,

                    Petitioner,           :    Case No. 2:22-cv-2804

    - vs -                         District Judge James L. Graham
                                              Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                      :
                    Respondent.

## DECISION AND ORDER DENYING TRANSFER TO THE COURT OF APPEALS

This is a habeas corpus case brought *pro se* by Petitioner Marcus White to obtain relief from his convictions in the Franklin County Court of Common Pleas on charges of felonious assault and felony murder (Petition, ECF No. 3, PageID 13). The case is ripe for consideration upon Petitioner's filing a Corrected Reply (ECF No. 28) pursuant to the Court's Orders requiring corrections (ECF Nos. 22, 25).

**Is the Petition Second or Successive?**

    **Positions of the Parties**

Respondent asserts the Petition in this case is a second or successive habeas corpus petition requiring permission from the Sixth Circuit before it can proceed (Return of Writ, ECF No. 9,

PageID 463).  The Warden insists the Court must transfer the case to the Sixth Circuit for its consideration of whether the case may proceed.

Petitioner asserts the instant Petition is not second or successive:

> As stated & filed in the Petitioner's Writ Sept. 13, 2022, Petitioner has two intervening judgments since Petitioner's original judgment was filed in 2005. The April 30, 2020, Second Nunc Pro Tunc entry stated for the first time the fact Petitioner was convicted of Murder in violation of §2903. 02(8). Thus, changing the name & identity of the crime, because Murder under § 2903. 02(A) & § 2903.02(B) are different crimes, because they have different intents. The 2019 Nunc Pro Tunc entry, sentenced the Petitioner to 3 yrs. PRC, for the first time, for a crime the Petitioner has already completed the sentence. See, *State v. Jones,* 2018 Ohio 3534 ¶¶ 19-22, *State v. Love,* 2009 Ohio 5216 pl (Second Nunc Pro Tunc ECF #: 3-1PAGEID #29. 30 &31: & Nunc Pro Tunc ECF #: 3-1 PAGE ID #34, 35 & 36).

(Corrected Reply, ECF No. 28, PageID 566-67).

Petitioner also asserts the Sixth Circuit has already decided the Petition is not second or successive:

> The 6th Cir. Court of Appeals, (from herein, 6th Cir. COA) has already found the Respondent's argument to have this Court "transfer this petition to the 6th Cir. COA for authorization to file a second or successive petition", unnecessary. See, *In re Johnson*, 2023 U. S. App. LEXIS 8409; *Avery v. Wainwright*, 2022 U. S. App. Lexis 12867 quoting *Crangle v. Kelly,* 838 F. 3d 673, 678 (6th Cir. 2016) & *Williams v. Warden, London Corr. Insl.*, 2022 U.S. Dist. LEXIS 15079.

*Id.*

**Analysis**

Prior to 1996, a person in custody in asserted violation of the United States Constitution could test that custody repeatedly in habeas corpus, subject only to the case law limits of the abuse of writ doctrine. Then Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), providing

2

> (3) (A) Before a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in the
> appropriate court of appeals for an order authorizing the district
> court to consider the application.

Petitioner has presented no order from the Sixth Circuit permitting him to proceed with his current Petition.  If this Petition is second or successive, he needs that permission.  Precedent requires that the District Court decide in the first instance whether a petition is second or successive.  *In re:  Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).

"Although Congress did not define the phrase 'second or successive,' . . . it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).  When the District Court errs in that determination, the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case.  *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re:  Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017).

> [W]here . . . there is a new judgment intervening between . . . two
> habeas petitions, an application challenging the resulting new
> judgment is not 'second or successive' at all."

*Magwood v. Patterson,* 561 U.S. 320, 341-42 (2010) *see also, e.g., Panetti*, 551 U.S. at 944-45 (explaining that a second-in-time habeas petition is not second or successive if the claim(s) it raises would have been unripe at the time of the first petition). The Sixth Circuit court has clarified that the rule established by *Magwood*—that a second-in-time petition is not second or successive when it follows an intervening judgment—applies even when a petitioner, after successfully challenging his sentence in a first petition, then challenges "an unchanged and reinstated *conviction*" in the

3

second petition. *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015). "[T]he existence of a new judgment," in other words, "is dispositive," *Magwood*, 561 U.S. at 338: if there is a new judgment, "the count begins anew," regardless of whether the new judgment "capture[s] [a] new sentence[] or [a] new conviction[] or merely reinstate[s] one or the other," *King*, 807 F.3d at 157.[1]

White claims the benefit of this jurisprudence by claiming he "has two intervening judgments since Petitioner's original judgment was filed in 2005." (ECF No. 28, PageID 566). When White filed the prior petition in 2008, the amended judgment from 2006 was in place[2]. See *White v. Warden, Lebanon Correctional Inst.,* 2:08-cv-979 (Petition, ECF No. 2, PageID 2). He is now confined pursuant to the April 30, 2020, Second Nunc Pro Tunc Entry. The question is whether that Entry counts as an intervening judgment so as to re-start the count of petitions.

"Nunc pro tunc" refers to situations in which the court's records do not accurately reflect its actions. "Nunc pro tunc orders are customarily used only "to correct erroneous records," not to "revise the substance of what transpired or to backdate events." *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016), quoting *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). A *nunc pro tunc* order that merely corrects a record to accurately reflect the court's action is not a new sentence that resets the statute of limitations under § 2244(d)(1). *Id.*

*King v. Morgan* does "not exclude the possibility that minor amendments to a judgment,

---

[1] If a petition *is* second or successive, a district court lacks jurisdiction to consider it if the petitioner has not first received authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007). To qualify for such authorization, the applicant must "make[] a prima facie showing" of: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) newly discovered evidence that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2244(b)(2), (b)(3)(C); *see also, e.g., In re Campbell*, 874 F.3d 454, 459 (6th Cir.), *cert. denied*, 138 S. Ct. 466 (2017).

[2] The original judgment was modified October 26, 2006, on remand to merge the firearm specifications on Counts 1 and 2, resulting in a substantively modified judgment. Although White complained in the prior case of the original judgment, it was the modified judgment that was in place when he filed the original case.

such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new judgment." *In re: Javalen Wolfe*, 2018 U.S. App. LEXIS 3206 (6th Cir. Feb. 9, 2018). For example, if a defendant is properly orally notified of post-release control at the time of sentencing, a judgment entry which omits the term may be corrected *nunc pro tunc*. *State v. Qualls*, 131 Ohio St. 3d 499 (2012).

In this case the Ohio Tenth District Court of Appeals held that the April 30, 2020, entry was properly a *nunc pro tunc* entry, that is, a correction of a clerical or technical error without a change in the substance of the judgment (*State v. White*, Ohio App. 10th Dist. Case No. 20-AP-287, Mar. 4, 2021)(Copy at State Court Record, ECF No. 8, Ex. 5). Indeed, White himself had sought a *nunc pro tunc* correction. *Id.* at ¶ 3. The Tenth District also held no appeal would lie from the April Entry because it was not a final appealable order. *Id.* Instead, it relates back to the October, 2006, amended judgment. *Id.*

In one sense, then, the April 2020 Nunc Pro Tunc Entry is not a new judgment which re-sets the count for second or successive purposes. White's prior Petition attacked the October 2006 judgment which is still the judgment under which he is confined. From another perspective, however, the instant Petition is not second or successive because it raises one or more claims which could not have been raised in the prior case because the predicates had not yet occurred. White pleads the following Grounds for Relief:

> **Ground One**: The Petitioner was denied Due Process, Access to the Court & Equal Protection in violation of the 5th, 6th & 14th Amend. Of the U.S. Constitution when the Trial Court amended Petitioner's sentence/entry via Second Nunc Pro Tunc without holding a sentencing hearing. See Ex. 2
>
> **Supporting Facts:** When Petitioner's conviction for 2903.02(B) Felony Murder in dependent upon a conviction of the predicate offense i.e. felonious assault to wit: Ms. Green the Trial Court erred to the prejudice of the Petitioner by amending the sentence/entry

5

from "2903.02 Murder" to 2903.02(B) Murder via Nunc Pro Tunc without holding a hearing to address/dispose of the omitted predicate offense i.e. felonious assault to wit: Mrs. Green conviction.

**Ground Two**: The Petitioner was denied Due Process, Access to the Court, Equal Protection in violation of the 5th, 6th & 14th Amend. to the U.S. Cont. when the Petitioner suffered Ineffective Assistance of Counsel.

**Supporting Facts:** The Petitioner's right to the effective assistance of counsel as guaranteed by the 5th, 6th & 14th Amend. to the U.S. Const. was violated when the Petitioner's Trial Counsel was ineffective for failing his mandatory duties cited in Post-Conviction Petition 1-8; Trial Counsel nor appellate counsel informed Petitioner about his PCP remedies as timeliness & Petitioner was without counsel in filing his PCP. Petitioner did not receive a full & fair hearing in the State Court & has alleged facts if proved would entitle him to relief.

**Ground Three**: The Petitioner was denied Due Process, Access to the Courts & Equal Protection in violation of the 5th, 6th & 14th Amend. of the U.S. Const. when the Trial Court sentenced Petitioner to 3 years P.R.C. for the first time via Nunc Pro Tunc entry after Petitioner completed the sentence for Count Two Felonious Assault without a hearing.

**Supporting Facts:** The trial court never sentenced Petitioner to 5 yrs. P.R.C. on Count One or Two, when the Petitioner pointed out he was not convicted of any crime worthy of 5 yrs. P.R.C., the trial court then sentenced the Petitioner to 3 yrs. P.R.C. and attached it to the completed Felonious Assault in Count Two via Nunc Pro Tunc entry. The 10th DCA guessing as to what count stated: "PRC would attach (presumably to the felonious assault Sanction). See, Ex. 3 Feb. 19, 19 Nunc Pro Tunc Entry.

**Ground Four**: The Trial Court denied Petitioner Due Process, Access to the Court & Equal Protection in violation of the 5th, 6th, 14th Amend. to the U.S. Const. by failing its duty to enter judgment (including sentence) on each & every offense for which there was a conviction i.e. felonious assault to wit: M. Green & a Journal entry memorializing.

**Supporting Facts:** When the Petitioner's 2903.02(B) Felony Murder conviction is dependent upon a conviction of the underlying predicate offense i.e. felonious assault to wit: Ms. Green, the Trial Court has a duty to enter judgment i.e. "sentence, merger or

dismissal" & a duty to enter a journal entry memorializing the Courts disposition i.e. "sentence, merger or dismissal" of felonious assault to wit: Ms. Green conviction. Thus, granting the Petitioner Due Process, Access to the Courts & Equal Protection, because the Petitioner Due Process, Access to the Courts & Equal Protection, because the Petitioner cannot appeal the felonious assault to wit: Ms. Green conviction without journalization of the Court.

(Petition, ECF No. 3). As can be seen, at least Grounds One and Four complain that the Common Pleas Court entered the Second Nunc Pro Tunc Entry without conducting a full re-sentencing and without White present. Those acts occurred in 2020, long after the first case had been dismissed.

Accordingly the Court finds it has jurisdiction to consider at least those portions of the Petition that depend on predicates that occurred in the process of entering the Second Nunc Pro Tunc Entry[3]. Respondent's request that the case be transferred to the Sixth Circuit is DENIED.

Having determined that it has jurisdiction to do so, the Court will proceed to consider the case on the merits, including any affirmative defenses raised by Respondent.

December 7, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[3] If the Magistrate Judge finds that some of the claims made in the instant Petition could have been made prior to the April 2020 Entry, but before dismissal of the first case, he will recommend their dismissal as barred by the second or successive bar or by the statute of limitations as appropriate.