# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT OLUMBUS

MARCUS D. WHITE,

        Petitioner,        :        Case No. 2:22-cv-2804

  - vs -                                  District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                              :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Marcus White to obtain relief from his convictions in the Franklin County Court of Common Pleas on charges of felonious assault and felony murder, is ripe for decision on the merits. Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Corrected Reply (ECF No. 28).

As part of his Return of Writ, Respondent asserted this was a second or successive habeas petition and sought its transfer to the Sixth Circuit for a determination of whether Petitioner could proceed. The Magistrate Judge decided the Petition was not second or successive and denied a transfer to the circuit court (Decision and Order, ECF No. 30). That Decision was entered December 7, 2023, so Respondent's time to appeal that decision to Judge Graham has expired, clearing the way for consideration of the merits.

1

**Litigation History**

The relevant history of the underlying criminal case is set forth in the July 27, 2010, Report and Recommendations of Magistrate Judge Deavers in Case No. 2:08-cv-979:

> Appellant was indicted on October 22, 2003, for aggravated murder with capital and firearm specifications with regard to the death of Debra [Green]; attempted murder with a firearm specification with regard to Tamica [Spraggins]; and tampering with evidence. A jury trial commenced on May 20, 2005, during which the state dismissed the tampering with evidence count. The jury returned a verdict finding appellant not guilty of aggravated murder, but guilty of the lesser-included offense of murder; and not guilty of attempted murder, but guilty of the lesser-included offense of felonious assault. The jury also found appellant had a firearm while committing the offenses and used the firearm to facilitate the offenses. After a sentencing hearing on August 2, 2005, the trial court sentenced appellant to 15 years to life on the murder charge and seven years on the felonious assault charge, with the sentences to be served consecutively. The court also sentenced appellant to three years of incarceration for both firearm specifications.

(State Court Record, ECF No. 8, PageID 416 in Case No. 2:08-cv-979, quoting *State v. White*, 2006-Ohio-4226 (Ohio App. 10th Dist. Aug. 15, 2006). The Ohio Tenth District Court of Appeals affirmed White's conviction and sentence (*Id.*) and the Ohio Supreme Court declined to exercise appellate jurisdiction, 111 Ohio St.3d 1494 (2006). White filed his first habeas corpus petition in 2008 in Case No. 2:08-cv-979. Judge Deavers recommended dismissal and her recommendation was adopted. The Sixth Circuit then denied White a certificate of appealability. *White v. Brunsman*, 6th Cir. Case 10-4502, filed November 16, 2011. (Copy at State Court Record, ECF No. 8, Exhibit 42).

Eventually White obtained a Second Nunc Pro Tunc sentencing entry on April 30, 2020 (State Court Record, ECF No. 8, Ex. 1). That Entry is the focus of White's Petition in this case. He pleads the following grounds for relief:

> **Ground One**: The Petitioner was denied Due Process, Access to the Court & Equal Protection in violation of the 5th, 6th & 14th Amend.

2

of the U.S. Constitution when the Trial Court amended Petitioner's sentence/entry via Second Nunc Pro Tunc without holding a sentencing hearing. See Ex. 2

**Supporting Facts**: When Petitioner's conviction for 2903.02(B) Felony Murder is dependent upon a conviction of the predicate offense i.e. felonious assault to wit: Ms. Green the Trial Court erred to the prejudice of the Petitioner by amending the sentence/entry from "2903.02 Murder" to 2903.02(B) Murder via Nunc Pro Tunc without holding a hearing to address/dispose of the omitted predicate offense i.e. felonious assault to wit: Mrs. Green conviction.

**Ground Two**: The Petitioner was denied Due Process, Access to the Court, Equal Protection in violation of the 5th, 6th & 14th Amend. to the U.S. Cont. when the Petitioner suffered Ineffective Assistance of Counsel.

**Supporting Facts:** The Petitioner's right to the effective assistance of counsel as guaranteed by the 5th, 6th & 14th Amend. to the U.S. Const. was violated when the Petitioner's Trial Counsel was ineffective for failing his mandatory duties cited in Post-Conviction Petition 1-8; Trial Counsel nor appellate counsel informed Petitioner about his PCP remedies as timeliness & Petitioner was without counsel in filing his PCP. Petitioner did not receive a full & fair hearing in the State Court & has alleged facts if proved would entitle him to relief.

**Ground Three**: The Petitioner was denied Due Process, Access to the Courts & Equal Protection in violation of the 5th, 6th & 14th Amend. of the U.S. Const. when the Trial Court sentenced Petitioner to 3 years P.R.C. for the first time via Nunc Pro Tunc entry after Petitioner completed the sentence for Count Two Felonious Assault without a hearing.

**Supporting Facts:** The trial court never sentenced Petitioner to 5 yrs. P.R.C. on Count One or Two, when the Petitioner pointed out he was not convicted of any crime worthy of 5 yrs. P.R.C., the trial court then sentenced the Petitioner to 3 yrs. P.R.C. and attached it to the completed Felonious Assault in Count Two via Nunc Pro Tunc entry. The 10th DCA guessing as to what count stated: "PRC would attach (presumably to the felonious assault Sanction). See, Ex. 3 Feb. 19, 19 Nunc Pro Tunc Entry.

**Ground Four**: The Trial Court denied Petitioner Due Process, Access to the Court & Equal Protection in violation of the 5th, 6th,

3

> 14th Amend. to the U.S. Const. by failing its duty to enter judgment (including sentence) on each & every offense for which there was a conviction i.e. felonious assault to wit: M. Green & a Journal entry memorializing.
>
> **Supporting Facts:** When the Petitioner's 2903.02(B) Felony Murder conviction is dependent upon a conviction of the underlying predicate offense i.e. felonious assault to wit: Ms. Green, the Trial Court has a duty to enter judgment i.e. "sentence, merger or dismissal" & a duty to enter a journal entry memorializing the Courts disposition i.e. "sentence, merger or dismissal" of felonious assault to wit: Ms. Green conviction. Thus, granting the Petitioner Due Process, Access to the Courts & Equal Protection, because the Petitioner Due Process, Access to the Courts & Equal Protection, because the Petitioner cannot appeal the felonious assault to wit: Ms. Green conviction without journalization of the Court.

(Petition, ECF No. 3, PageID 17-22.)

Respondent defends on the ground that the Petition fails to state a claim upon which habeas corpus relief can be granted in that it states only claims under Ohio law (Return of Writ, ECF No. 9, PageID 482-83)[1].

# Analysis

**Ground One: Denial of Due Process, Access to the Courts, and Equal Protection**

In his Corrected Reply, Petitioner insists he is raising federal constitutional claims of denial of due process, equal protection, and access to the courts by insisting that the Tenth District Court of Appeals was required, presumably by those provisions of the federal Constitution, to insist that

---

[1] Respondent raised in the Return the defense that this case was second or successive and sought its transfer to the Sixth Circuit under *In re Sims*, 111 F.3d 45 (6th Cir. 1997). The Magistrate Judge considered that defense first and separately because this Court would lack jurisdiction to consider the Petition if it were second or successive. *Burton v. Stewart*, 549 U.S. 147 (2007);

4

he could only be sentenced for violating Ohio Revised Code § 2903.02(B), as opposed to Ohio Revised Code § 2903.02, the murder charge regarding Debra Green made in the Indictment, after a remand for resentencing at which he would have had the right to be physically present under Ohio R. Crim. P. 43, as opposed to acting by nunc pro tunc entry (ECF No. 28, PageID 577).

Implicitly at least, Petitioner acknowledges the premise of Respondent's defense: to wit that this Court has habeas jurisdiction only to correct convictions that violate the federal Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The corollary excluding jurisdiction over state law violations is equally clear: "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

In support of his position that the federal Constitution entitles him to the relief he seeks he cites *Johnson v. Missouri*, 598 U.S. ___, 143 S.Ct. 417, 214 L.Ed.2d 272 (2022). There is no holding in *Johnson* to the effect for which White cites the case. In *Johnson*, the Supreme Court denied a stay of execution; Justices Jackson and Sotomayor dissented from the denial of a stay.

White also cites *Sullivan v. Benningfield,* 920 F.3d 401 (6th Cir. 2019). In that case a Tennessee general sessions (criminal court) judge offered a thirty-day credit against sentence for any inmate who volunteered to be sterilized. After the Tennessee legislature made this type of sentencing credit unlawful, the District Court dismissed the civil rights case as moot. The Sixth Circuit reversed and remanded for a decision on the merits. The undersigned perceives no

5

relevance of *Sullivan* to this case.

Later in his Corrected Reply, White complains of having been forced to defend against the felony murder charge without fair notice because it was not included in the Indictment. The record shows that the jury, having been instructed on the lesser included offense of felony murder in violation of Ohio Revised Code § 2903.02(B), found White guilty of that offense as a lesser included offense of murder. The questions of whether felony murder is a lesser included offense of murder and whether the jury was properly instructed in that regard are questions of Ohio law. Whether lesser-included offenses must be pleaded in indictments in order to give fair notice to a defendant is a question of federal constitutional law, but it does not arise from entry of the Second Nunc Pro Tunc Entry in 2020. Instead, it was available to White when he filed his first habeas petition and is now barred by the statute of limitations.

The balance of White's cited authority as to Ground One is Ohio state case law. The Tenth District Court of Appeals has repeatedly held that a nunc pro tunc entry without a full resentencing hearing was the proper way for the Common Pleas Court to proceed. White has produced no holding of the United States Supreme Court to the contrary, but this Court can grant habeas relief only upon such a showing. 28 U.S.C. § 2254(d)(1).

Aside from a lack of decided authority, White fails to make anything beyond a conclusory assertion of constitutional violations. As to access to the courts, he has been heard repeatedly by the Ohio courts on his claims. It is not a denial of access to the courts just because the court in question has decided the case in a way the habeas litigant disagrees with. Similarly as to equal protection: White makes no comparison of the way the Tenth District decided his case with its decision of a like case differently. In other words, what discrimination does White allege he has suffered? Finally, it is not a denial of due process for a state court to fail to follow state law. "A

6

state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

White's First Ground for Relief fails to state a claim upon which habeas corpus relief may be granted and it should therefore be dismissed with prejudice.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Petitioner recites the many barriers to successful litigation of criminal cases face by indigent defendants.  As a judge whose work has centered on habeas corpus litigation for the past ten years, the undersigned is well aware of those barriers and agrees with Petitioner that many of them could be alleviated with a more generous funding of appointed counsel or increased *pro bono publico* work by the bar.  However, the Supreme Court has been clear that the right to appointed counsel does not extend beyond direct appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Furthermore, we cannot compel attorneys to work without fee. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989).

Petitioner then proceeds to list the ways in which he believes his counsel in this case have been ineffective (Corrected Reply, ECF No. 28, PageID 587-88, citing Petition for Post-Conviction Relief, State Court Record, ECF No. 8, PageID 171, et seq.).  However, as the Franklin County Court of Common Pleas pointed out in denying that Petition, the claims raised were barred either by failure to file the petition within the time allowed for such petitions or by *res judicata* in that evidence of counsel's failure was present in the direct appeal record and White had new

7

counsel on appeal. Thus Petitioner's Second Ground for Relief is barred by his procedural default in presenting those claims to the Ohio courts, defaults which were enforced against him by the Ohio courts and which have been held to be adequate and independent grounds of state decisions. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Petitioner's Second Ground for Relief is barred by his procedural default in presenting it to the Ohio courts.

**Ground Three: "Imposing" Post-Release Control by Nunc Pro Tunc Entry**

In his Third Ground for Relief, Petitioner complains of imposition of post-release control in the Nunc Pro Tunc Entry. The Tenth District Court of Appeals decision makes it clear that a nunc pro tunc entry is being used in this instance to correct a prior entry, not to impose a new or enhanced penalty for the offense. Whether this was proper as a matter of Ohio law is just that – a question of Ohio law on which we are bound by the state court decision. *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Ground Three should be dismissed as raising a claim not cognizable in habeas corpus because it does not state a claim arising under the federal Constitution. Here as with Ground One Petitioner has attempted to convert a state law claim to a federal claim by adding conclusory labels – due process, access to courts, and equal protection – which are not given any federal substance by the Corrected Reply.

**Ground Four:  Improper Form of Judgment Entry**

In his Fourth Ground for Relief, Petitioner argues he was denied the same trinity of federal rights by failure of the trial court to get the judgment entry correct.  And here, as with Ground Three, adding those labels does not convert a state law claim to a federal claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 27, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge