**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT OLUMBUS**

MARCUS D. WHITE,

                         Petitioner,              :     Case No. 2:22-cv-2804

        - vs -                                          District Judge James L. Graham
                                                        Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                                  :
                Respondent.

_____

**DECISION AND ORDER**

_____

This habeas corpus case was brought *pro se* by Petitioner Marcus White to obtain relief

from his convictions in the Franklin County Court of Common Pleas on charges of felonious

assault and felony murder.  The case was referred on filing to Magistrate Judge Peter B. Silvain,

Jr., and transferred to Magistrate Judge Michael Merz to help balance the workload in the District.

Judge Merz filed a Report and Recommendations recommending that the Petition be dismissed

with prejudice ("Report," ECF No. 31).  Petitioner has filed Objections (ECF No. 34) and the case

is therefore ripe for decision.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de*

*novo* the Report with particular attention to those portions objected to by Petitioner.  Having done

so, the Court finds the objections are without merit and they are OVERRULED for the reasons set

forth below:

1

**Ground One**

Petitioner was charged in the Indictment in this case with murder of Debra Green in violation of Ohio Revised Code § 2903.02.  The jury was instructed on the lesser included offense of felony murder in violation of Ohio Revised Code § 2903.02(B) and found White guilty of that offense.  The judgment of conviction did not reflect that the underlying felony was felonious assault on Debra Green.  On Petitioner's demand, the Ohio Tenth District Court of Appeals ordered that the judgment of conviction be amended to reflect that the conviction was under § 2903.02(B). The Franklin County Court of Common Pleas complied with that order by entering a Second Nunc Pro Tunc Sentencing Entry without having a resentencing hearing at which White was personally present (State Court Record, ECF No. 8, Ex. 1).  In his First Ground for Relief, White asserts resentencing him in that manner violated his federal constitutional rights of due process, equal protection, and access to the courts.

The Report recommends dismissing Ground One for failure to state a claim arising under the United States Constitution.  Petitioner objects that he relies on Ohio R. Crim. P. 43 which protects rights "rooted in the fundamental rights guaranteed by the Due Process Clause of the 14 Amend, of the U. S. Const.," (Objections, ECF No. 34-1, PageID 623, citing *State v. Dixon,* 2016 Ohio 955 (Ohio App. 10th Dist. Mar. 10, 2016)).  In *Dixon* the Tenth District held the defendant had a right to be personally present because the trial court was being called upon to correct a **void** judgment, in that case a judgment which failed to impose a mandatory term of imprisonment for a firearm specification.  In this case the judgment entry being corrected was not void.  Instead, the Second Nunc Pro Tunc Entry corrected a clerical error:  White had been convicted of felony murder under Ohio Revised Code § 2903.02(B), not murder under Ohio Revised Code § 2903.02.

2

The sentence was not changed as it had been in *Dixon*, only the numerical reference for the count of conviction.  This was consistent with Ohio practice.  See *State v. Lester*, 130 Ohio St. 3d 304 (2012).

The Tenth District's decision that White did not have a right to be physically present is also neither contrary to nor an objectively unreasonable application of United States Supreme Court precedent.  In *Kentucky v. Stincer*, 482 U.S. 730 (1987), authority relied on by Petitioner, the Supreme Court held "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.* at 745.  However, it also held the rule did not guarantee a right to be physically present for a competency hearing.  How much less for a proceeding in which a judge signs a corrected judgment entry?  Petitioner has not shown how his presence was necessary to the fairness of the procedure.

White also objects to the Magistrate Judge's conclusion that his claim that the indictment did not fairly notify him of his need to defend against conviction on the lesser included offense was barred by the statute of limitations because it could have been raised in the trial court or on White's prior habeas case.  This claim was first raised in this case in White's Corrected Reply (ECF No. 28), filed December 26, 2023, but it is a claim directed to the original indictment as filed in 2005.  White objects that his life and liberty are at stake (Objections, ECF No. 34-1, PageID 624-25).  White is not under a capital sentence, so his life is not at stake.  The liberty of every habeas corpus petitioner is at stake, but that does not excuse failure to comply with the statute of limitations.

**Ground Two**


In his Second Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel. The Report concluded Petitioner had procedurally defaulted this claim either because the asserted error of counsel could have been litigated on direct appeal and was barred by *res judicata* because it was not raised or was barred by Petitioner's failure to include it in a timely petition for post-conviction relief under Ohio Revised Code § 2953.21.

Dixon objects that his post-conviction petition was timely because it was filed within a year of the entry of the Second Nunc Pro Tunc Entry (Objections, ECF No. 34-1, PageID 628). But as the Franklin County Court of Common Pleas pointed out in dismissing the Petition for post-conviction relief, the trial attorney errors of which White complains occurred before or during the 2005 trial and were of record, so they were available to be raised on direct appeal, or were known to White at the time of trial, so they were available to be raised in a post-conviction petition within a year of completing the record on direct appeal. Ohio's criminal *res judicata* rule has been repeatedly upheld by the Sixth Circuit as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).


**Grounds Three and Four**


In these two Grounds for Relief, Petitioner complains that the trial court imposed post-

release control in a nunc pro tunc entry (Ground Three) and that the form of the Second Nunc Pro Tunc Entry is incorrect (Ground Four).  The Report recommends dismissing these claims because they arise under state law, were rejected on that basis by the Tenth District Court of Appeals, and cannot be converted to federal constitutional claims merely by putting constitutional labels on them.  Petitioner objects that the Ohio case law he cited is "grounded" or "rooted" in the federal Constitution.  That is not enough.  To prevail in habeas corpus a petitioner must show that the state court decision in his case is contrary to or an objectively unreasonable application of United States Supreme Court precedent.  It is insufficient to say that the state law right protects a federal constitutional value.

**Conclusion**

    Petitioner's Objections are overruled.  The Court adopts the Report and directs the Clerk to enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: January 12, 2024