# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARCUS D. WHITE,

        Petitioner,    :    Case No. 2:22-cv-2804

  - vs -                           District Judge James L. Graham
                                         Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                       :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner Marcus White, is before the Court on Petitioner's Motion for Reconsideration of Judge Graham's dismissal of his case (ECF Nos. 36 & 37).

While federal courts have plenary authority to reconsider pre-judgment decisions, our authority post-judgment is limited to motions to alter or amend the judgment under Fed.R.Civ.P. 59(e). Petitioner's Motion was timely filed under Fed.R.Civ.P. 59(e) and will be considered under that rule. Post-judgment motions are deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor. *Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D.

Ohio 1998)(Marbley, J.).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

White's Motion does not advert to the Rule 59 standard, but offers no new evidence and

2

does not suggest there has been a recent change in controlling law. Instead, liberally construed, it claims the Court made a mistake of law. The burden of persuasion is on White to show such an error. A litigant cannot show an error of law by pointing out that a court has not discussed every issue or precedent cited by him because it is not an error of law to fail to discuss everything a party believes deserves discussion.

White was indicted for the purposeful murder of Debra Green, but the jury, having been instructed that felony murder is a lesser included offense, convicted White of felony murder and he was sentenced accordingly. The judgment of conviction under which White was originally imprisoned did not reflect that the conviction was for the lesser included offense. White persuaded the Ohio Tenth District Court of Appeals that there should be an amended judgment. The trial court achieved that result by signing and filing the Second[1] Nunc Pro Tunc Entry on April 30, 2020 (State Court Record, ECF No. 8, Ex. 1). It did not conduct a resentencing hearing with White present.

White's original motion in the trial court that resulted in the Second Nunc Pro Tunc Entry was entitled "Motion to Correct a Clerical Error in the Defendant's Judgment Entry of Conviction Pursuant to Crim.R. 36." *State v. White*, 2021-Ohio-588, ¶ 3 (Ohio App. 10th Dist. Mar. 4, 2021). After the trial court entered the Second Nunc Pro Tunc Entry, White appealed, pleading a single assignment of error:

> When the Appellant's conviction for R.C. 2903.02(B) murder is dependent upon a conviction of the predicate offense the Trial Court erred in amending the original/re-sentencing entries from "2903.02 murder" to 2903.02(B) murder via nunc pro tunc without conducting a re-sentencing hearing to address the omitted predicate offense, i.e., (felonious assault, to wit, Ms. Green) necessary for the 2903.02(B) conviction to be valid and comport to Ohio Sentencing Law, which he Appellant had a right to be present, in violation of Criminal Rule

---

[1] There had been a prior nunc pro tunc entry in 2006 to add to the judgment of conviction that it had been the result of a jury verdict.

43, *State v. Dixon,* 2016-Ohio-955 & *State v. Juan,* 2016-Ohio-5339.

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 4, PageID 64).  The Tenth District Court of Appeals dismissed the appeal as untimely, holding the Second Nunc Pro Tunc Entry was not a final appealable order. *White, supra*, at ¶ 9.  White moved to reconsider, alleging the Tenth District "failed to address the merits of whether his entry of conviction also needed to include a finding of guilt on the offense of felonious assault on D. G. in order to comply with Crim.R. 32(C)."  (Entry, State Court Record, ECF No. 8, Ex.10, PageID 126).  The Court of Appeals responded "White was not indicted for or found guilty of a felonious assault on D. G.-instead, he was indicted for aggravated murder and was found guilty of the lesser-included offense of felony murder *by* a felonious assault. Accordingly, there was no separate charge of felonious assault on D. G." *Id.* (emphasis *sic*).

Thus the Tenth District's decision did address the merits of White's claim that the judgment had to include conviction of a felonious assault on Debra Green and found no merit because White was not indicted for that offense nor convicted of it.

The Magistrate Judge recommended dismissal of Ground One for failure to state a claim under the United States Constitution which is the only basis on which a federal court is authorized to grant habeas corpus relief.  Judge Graham's decision adopted that recommendation and the Motion for Reconsideration provides no authority for the proposition that there is a due process, equal protection, or access to the courts right to a judgment of conviction which reflects what the lesser included offense was when there is a valid conviction on a lesser included offense.

Petitioner continues to rely on *State v. Dixon,* 2016-Ohio-955 (10th Dist. Mar. 16, 2016), which held a defendant had a right to be present when he was re-sentenced from a three-year concurrent term for a firearm specification to a three-year consecutive term.  *Dixon* is inapposite

because Dixon's sentenced was increased, White's was not. White has still not produced any decision of the Supreme Court of the United States requiring a defendant's presence for the filing, proper under state law, of a nunc pro tunc sentencing entry.

White claims this Court's decision is in direct conflict with *State v. Jones,* 2018 Ohio 3534. Having reviewed *Jones*, the Magistrate Judge finds no conflict at all that implicates any federal constitutional right.

White repeats his claim that the indictment did not give him fair notice that he could be convicted of a lesser included offense. However, the time for raising that claim has long since passed as it would have been available at trial and on direct appeal.

White repeats his claim that he received ineffective assistance of trial counsel when his attorney did not object to the indictment's failure to give notice about the possibility of conviction of a lesser included offense and allowing him to be sentenced by means of an entry which does not include the so-called underlying predicate offense of felonious assault on Debra Green. The time to claim ineffective assistance of trial counsel as to the indictment has long since passed. And as the Tenth District has held, there is no underlying predicate offense conviction.

White again seeks a certificate of appealability, but has produced no authority showing reasonable jurists would disagree with the Court's decision. The record also shows that White has abused his right of appeal in the Ohio courts who have had to consider his case many times. The requirement in the AEDPA for a certificate of appealability protects the federal courts of appeals from that sort of burden. If White believes this Court is in error in denying him a certificate of appealability, he will have an opportunity to obtain a certificate form the Sixth Circuit.

Because White has not demonstrated any error of law in the Court's decision, his Motion for Reconsideration should be denied.

January 30, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
