IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MARCUS D. WHITE,

        Petitioner,        :     Case No. 2:22-cv-2804

- vs -                             District Judge James L. Graham
                                            Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                        :
        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 39) to the Magistrate Judge's Report and Recommendations (ECF No. 38) recommending denial of Petitioner's Motion for Reconsideration of dismissal of this case (ECF Nos. 36 & 37).

When a litigant objects to a Magistrate Judge's recommendation on a dispositive motion, the District Judge is required to review the matter *de novo*, with particular attention to the specific objections raised. Having conducted that review, the Court overrules the Objections and adopts the Report and Recommendations for the following reasons.

The Magistrate Judge properly considered Petitioner's Motion as made under Fed.R.Civ.P. 59(e). To prevail on a motion under that Rule, a party must show '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009)(quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

The Court agrees with the Magistrate Judge that Petitioner does not rely on any new evidence or suggest there has been a recent change in controlling law. As a *pro se* litigant, White is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Liberally construed, the Motion claims the Court made a mistake of law and White does not disagree with that construction.

White was indicted for the purposeful murder of Debra Green, but the jury, having been instructed that felony murder is a lesser included offense, convicted White of felony murder and he was sentenced accordingly.

White's original motion in the trial court that resulted in the Second Nunc Pro Tunc Entry was entitled "Motion to Correct a Clerical Error in the Defendant's Judgment Entry of Conviction Pursuant to Crim.R. 36." *State v. White*, 2021-Ohio-588, ¶ 3 (Ohio App. 10th Dist. Mar. 4, 2021). After the trial court entered the Second Nunc Pro Tunc Entry, White appealed, pleading a single assignment of error:

> When the Appellant's conviction for R.C. 2903.02(B) murder is dependent upon a conviction of the predicate offense the Trial Court erred in amending the original/re-sentencing entries from "2903.02 murder" to 2903.02(B) murder via nunc pro tunc without conducting a re-sentencing hearing to address the omitted predicate offense, i.e., (felonious assault, to wit, Ms. Green) necessary for the 2903.02(B) conviction to be valid and comport to Ohio Sentencing Law, which he Appellant had a right to be present, in violation of Criminal Rule 43, *State v. Dixon,* 2016-Ohio-955 & *State v. Juan,* 2016-Ohio-5339.

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 4, PageID 64). The Tenth District Court of Appeals dismissed the appeal as untimely, holding the Second Nunc Pro Tunc Entry was not a final appealable order. *White, supra*, at ¶ 9. White moved to reconsider, alleging the Tenth District "failed to address the merits of whether his entry of conviction also needed to include a finding of guilt on the offense of felonious assault on D. G. in order to comply with Crim.R. 32(C)." (Entry,

State Court Record, ECF No. 8, Ex.10, PageID 126). The Court of Appeals responded "White was not indicted for or found guilty of a felonious assault on D. G.-instead, he was indicted for aggravated murder and was found guilty of the lesser-included offense of felony murder *by* a felonious assault. Accordingly, there was no separate charge of felonious assault on D. G." *Id.* (emphasis *sic*).

Thus the Tenth District's decision did address the merits of White's claim that the judgment had to include conviction of a felonious assault on Debra Green and found no merit because White was not indicted for that offense nor convicted of it.

The Magistrate Judge recommended dismissal of Ground One for failure to state a claim under the United States Constitution which is the only basis on which a federal court is authorized to grant habeas corpus relief. The Court adopted that recommendation and the Motion for Reconsideration provides no authority for the proposition that there is a due process, equal protection, or access to the courts right to a judgment of conviction which reflects what the lesser included offense was when there is a valid conviction on a lesser included offense. White has pointed to no clear error of law in the Magistrate Judge's Report and Recommendation and it is hereby ADOPTED and Petitioner's Objections are overruled.

White again seeks a certificate of appealability, but has produced no authority showing reasonable jurists[1] would disagree with the Court's decision. If White believes this Court is in error in denying him a certificate of appealability, he will have an opportunity to obtain a certificate from the Sixth Circuit.

February 14, 2024.

s/James L. Graham
James L. Graham
United States District Judge

---

[1] In reciting this standard, Petitioner refers to "reasonable jurors." The test is "reasonable jurists," i.e. judges.